UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Lee Sykes, #138335; | ) C/A No. 4:05-1005-RBH-TER |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | )  For Summary Dismissal |
| State of South Carolina; | ) |
| Tim Meacham, Solicitor, professionally and individually; and | ) |
| Heather Tola, Solicitor, professionally and individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

     The plaintiff, Oscar Lee Sykes (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Horry County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the State of South Carolina and two Assistant Solicitors involved in the prosecution of Plaintiff's pending criminal case. Plaintiff claims "he has been denied procedural due process of the fifth and fourteenth amendment, when he was force[d] by order to under go a [mental] competency and criminal responsibility evaluation" by the defendants. Complaint at 3. Plaintiff requests monetary damages from the defendants.

*Pro Se and In Forma Pauperis Review*

     Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton,

775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### Discussion

Plaintiff names the State of South Carolina as a defendant in his complaint. A judgment awarding damages against the State is precluded by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States Citizens of another State, or by Citizens or Subjects of any Foreign State.

A federal court is precluded by the Eleventh Amendment from rendering a judgment against an unconsenting State in favor of a citizen of that State. Edelman v. Jordan, 415 U. S. 651, 663 (1974); and Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, the Amendment also bars suits against a State filed by its own citizens). An action pursuant to 42 U.S.C. § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. *See* Will v. Michigan Department of State Police, 491 U.S. 58, 61-71 (1989). The State of South Carolina is immune from suit in this § 1983 action.

The two remaining defendants are prosecutors, which are called solicitors in South Carolina. In Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The prosecutorial immunity established in Imbler applies to the named defendants, Tim Meacham and Heather Tola,

assistant solicitors representing the State in the criminal proceedings brought against Plaintiff. Plaintiff's factual allegations concerning his "competency and criminal responsibility evaluation" indicate that the actions of the defendants Meacham and Tola, were within the scope of their duties, and in fact were ordered by the court. The defendants Meacham and Tola have prosecutorial immunity from suit in this § 1983 action. Plaintiff has failed to name defendants subject to suit, therefore the complaint in this case should be dismissed.

The court is required by statute, 28 U.S.C. § 1915A to review a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under the definition of "prisoner" contained in § 1915A (c), Plaintiff's complaint is subject to the provisions of this statute. The complaint in subject to dismissal under § 1915A(b) because Plaintiff "seeks monetary relief from a defendant who is immune from such relief." Similarly, Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides "the court shall dismiss the case at any time if the court determines that...the action or appeal...seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(2)(B)(iii). **Plaintiff's claims against the immune defendants are frivolous, and as such, should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).[2]**

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d

---

[2] Plaintiff has filed seven cases in this district court within the previous twelve months. One case, C/A No. 4:04-1440-RBH-TER, discusses the immunity of the State of South Carolina from suit under § 1983.

4

201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id.

The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 19, 2005
Florence, South Carolina